```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION

EGL HOLDINGS, INC.,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )     No. 4:07 CV 658 DDN
                                   )
THE LAIRD GROUP PLC, and           )
LAIRD TECHNOLOGIES, INC.,          )
                                   )
            Defendants.            )
```

**MEMORANDUM AND ORDER**

Before the court is the November 25, 2008, motion of plaintiff in effect for leave to file its motion for partial summary judgment out of time (Doc. 30). Defendants strenuously object to leave being granted to plaintiff. (Doc. 31.) Plaintiff, which has not replied to defendants' response, proceeded nevertheless to file its motion for partial summary judgment on November 28, 2008, prior to receiving court approval.

After reviewing the documentary record regarding the pending motion, including the defendants' motion for summary judgment and the putative motion for partial summary judgment filed by the plaintiff on November 28, the court perceives that at least one of the major issues joined by the parties is whether or not plaintiff performed work or acted in a way to merit a finder's fee for the subject transaction entered by defendants. Defendants' motion for summary judgment answers the issue in the negative and plaintiff's motion would argue for an affirmative answer.

In answering this cardinal issue, the court would be substantially aided by the parties' marshaling of the available admissible evidentiary record. In this regard, the court perceives that plaintiff's documentary presentation, filed on November 28, 2008, without leave of court, does not provide the court with a document required by this court's local rules, being:

> a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact indicating whether each fact is established by the record, and, if so, the appropriate citations.

See E.D.Mo. L.R. 4.01(E); cf. Doc. 29.

Furthermore, the court is urged by Federal Rule of Civil Procedure 56(d)(1) to establish for the rest of the litigation of this action those material facts that are not genuinely at issue, if any. Our local rule continues:

> Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Id.

The court perceives that the most efficient manner for resolving the pending filing extension dispute, in resolving pretrial the arguments regarding dispositive issues, and especially in determining the disputed and undisputed facts for this litigation, is to consider the plaintiff's future response to the defendants' dispositive motion.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff for leave to file its dispositive motion out of time (Doc. 30) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment (Doc. 32), filed without leave on November 28, 2008, is administratively terminated and denied without prejudice to the arguments and evidentiary information contained therein and in its attached documentary proffer of evidence being refiled in plaintiff's response to the defendants' motion for summary judgment.

    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 10, 2008.